JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUN 12 1985

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 640

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE AIR CRASH DISASTER AT JACKSONVILLE, FLORIDA, ON DECEMBER 6, 1984

TRANSFER ORDER

This litigation presently consists of five actions pending in two federal districts: two actions in the Middle District of Florida and three actions in the Southern District of Florida.

Before the Panel is a motion, pursuant to 28 U.S.C. §1407, by Embraer-Empresa Brasileira de Aeronautica, S.A. (Embraer), a defendant in all five actions, to centralize the actions in the Middle District of Florida for coordinated or consolidated pretrial proceedings. Providence-Boston Airline, Inc. (PBA) joins in the motion. Four responding plaintiffs agree that centralization is appropriate. Plaintiff in one Southern Florida action opposes the motion. In addition to Embraer and PBA, one Middle Florida plaintiff favors the Middle District of Florida as transferee forum; two Southern Florida and one Middle Florida plaintiffs suggest that the Southern District of Florida is the appropriate district for the centralized pretrial proceedings.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Middle District of Florida will best serve the convenience of parties and witnesses and promote the just and efficient conduct of this litigation. These actions arise from the December 6, 1984 crash shortly after takeoff from Jacksonville International Airport of an Embraer P110 Bandeirante aircraft operated by PBA in which all thirteen persons aboard were killed, and share factual questions concerning the cause or causes of the accident. Transfer under Section 1407 is desirable in order to avoid duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Although either of the suggested districts could be described as an appropriate transferee forum for this litigation, on balance, we are persuaded that the Middle District of Florida is preferable. We note that the crash occurred within that district and that pertinent witnesses and documents may be found there.

-2-

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in the Southern District of Florida be, and the same hereby are, transferred to the Middle District of Florida and, with the consent of that court, assigned to the Honorable Elizabeth A. Kovachevich for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

SCHEDULE A

MDL-640 -- In re Air Crash Disaster at Jacksonville, Florida on December 6, 1984

Middle District of Florida

Lorrie Krieger, etc. v. Provincetown-Boston Airline, Inc., et al., C.A. No. 85-195-CIV-T-17

Charles Echol Spragins, etc. v. Provincetown-Boston Airline, Inc., et al., C.A. No. 85-196-CIV-T-13

Southern District of Florida

Denise Ashby, etc. v. Embraer-Empresa Brasileira De Aeronautica, S.A., C.A. No. 85-6162

Sandra S. Riley, etc. v. Provincetown-Boston Airline, Inc., et al., C.A. No. 85-0441

Janet K. Lite, et al. v. Embraer-Empressa Brasileira De Aeronautica, S.A., C.A. No. 85-6223